FILED by ___ D.C.
ELECTRONIC

**FEB. 15, 2008**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER:

INTERNATIONAL SEAWAY
TRADING CORPORATION

           Plaintiff,

    v.

WALGREENS CORPORATION

and

TOUCHSPORT FOOTWEAR USA, INC.,

           Defendants.

**08-80163-CIV-RYSKAMP/VITUNAC**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**VERIFIED COMPLAINT**
**DEMAND FOR JURY TRIAL**

_____

For its Complaint, International Seaway Trading Corporation (herein "Plaintiff"), alleges as follows:

### PARTIES

1.    Plaintiff is a corporation organized and existing under the laws of the State of Ohio, having a principal place of business at 7100 West Camino Real, Boca Raton, Florida 33433.

2.    Upon information and belief, Defendant Walgreens Corporation (herein "Walgreens" or "Defendant Walgreens") is a corporation organized and existing under the laws of the State of Illinois and has a place of business at 104 Wilmot Road, 2nd Floor, MS, 1425 Deerfield, Illinois 60015.

3.      Upon information and belief, Defendant Touchsport Footwear USA, Inc. (herein "Touchsport" or "Defendant Touchsport") is a corporation organized and existing under the laws of the State of California and has a place of business at 17800 South Main Street, Suite 304, Gardena, California 90248.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement under 35 U.S.C. § 271(a).

5.      Subject matter jurisdiction is conferred on this Court by 28 USC § 1331, 28 USC § 1332 and 28 USC § 1338(a).  The matter in controversy exceeds the sum or value of Seventy Five Thousand Dollars ($75,000) exclusive of interest and costs and the parties are citizens of different states.

6.      Venue is proper in this District pursuant to 28 USC § 1400(b) and § 1391(c) and Defendant Walgreens owns retail outlets selling goods that are the subject of this action within this judicial district.

7.      Personal jurisdiction with respect to Defendant Walgreens and Defendant Touchsport is provided by Florida Statutes, § 48.193 (1)(a), (1)(b), (1)(f)(1)&(2), and (2), because the Defendants operate, conduct, engage in, or carry on a business or business venture in Florida and have an office or agency in this state; committed a tortious act within this state; and caused and continue to cause injury to persons or property within this state arising out of an act or omission by the Defendants outside this state while engaged in solicitation or service activities within this state and products, materials, or things processed, serviced, or manufactured by the Defendants anywhere were used or consumed within Florida in the ordinary course of commerce, trade, or use. Additionally, this Court has jurisdiction over these Defendants because they are engaged in substantial and not isolated activity within Florida.

2

## COUNT I

### (Patent Infringement of U.S. Design Patent No. D529,263)

8.      Plaintiff repeats and realleges the allegations of paragraphs 1-7 as if fully rewritten.

9.      Plaintiff is the owner of all rights in U.S. Design Patent No. D529,263 (herein "the '263 patent"). The '263 patent issued on October 3, 2006 to Michael Wolf and is entitled "Clog". Plaintiff is the assignee of the '263 patent, as identified on the face of the '263 patent. A true and correct copy of the '263 patent is attached as Exhibit A.

10.     Since on or about the issue date of the '263 patent, Plaintiff has marked clog footwear products sold in the United States with the patent number of the '263 patent in accordance with the marking requirements of 35 U.S.C. § 287(a).

11.     On or about March, 2007, Plaintiff became aware of various clog footwear products being sold by Defendant Walgreens in its retail stores in this judicial district that infringed the '263 patent. Some of the clog products included the product/item identifier WIC# 583174 on hang tags attached to the clog products, while other clog products included the product/item identifier 8800W/M SANDALS. Photographs of the infringing clog footwear products sold by Defendant Walgreens and purchased by Plaintiff in this judicial district are attached hereto as Exhibit B.

12.     On or about, April 18, 2007, Plaintiff provided Defendant Walgreens actual notice of infringement to Defendant of the '263 patent as evidenced by a letter from counsel for Plaintiff to Defendant Walgreens, sent via overnight courier. The April 18, 2007 letter included photographs of various infringing clog footwear products sold in Defendant's retail stores in the United States that infringed the '263 patent. An email confirmation from the overnight courier indicates receipt by Defendant Walgreens on or about April 19, 2007. True and correct copies of the April 18, 2007 letter and overnight courier receipt confirmation are attached as Exhibit C.

3

13.    In a letter dated June 19, 2007, counsel for Defendant Touchsport identified Defendant Touchsport as the supplier of the infringing Walgreens' clog footwear products identified in Plaintiff's April 18, 2007 letter to Defendant Walgreens. A true and correct copy of the letter of June 19, 2007 is attached hereto as Exhibit D.

14.    Upon information and belief, Defendant Touchsport caused and continues to cause various clog footwear products that infringe the '263 patent to be imported into the United States and Defendant Walgreens sold and continues to sell the infringing clog footwear products in the United States in this judicial district and elsewhere.

15.    Defendant Walgreens and Defendant Touchsport have infringed and continue to infringe the '263 patent in this judicial district and elsewhere by causing to be imported and sold in the United States certain clog footwear products infringing the '263 patent directly, without license from Plaintiff and in violation of Plaintiff's rights, and will continue to do so unless enjoined by this Court.

16.    On information and belief, Defendants Walgreens and Touchsport have committed acts of infringement of the '263 patent willfully, knowingly and deliberately.

17.    Upon information and belief, Defendant Walgreens has made unlawful gains and profits from the infringement of the '263 patent and Plaintiff, due to Defendant Walgreens' unlawful infringement, has been deprived of rights and profits which would have otherwise come to it.

18.    Defendant Walgreen's acts of infringement of the '263 patent complained of herein have caused Plaintiff irreparable damage and harm and, upon information and belief, such acts of infringement will continue, all to the irreparable damage and harm of Plaintiff, unless enjoined by this Court.

4

19.     Upon information and belief, Defendant Touchsport has made unlawful gains and profits from the infringement of the '263 patent and Plaintiff, due to Defendant Touchsport's unlawful infringement, has been deprived of rights and profits which would have otherwise come to it.

20.     Defendant Touchsport's acts of infringement of the '263 patent complained of herein have caused Plaintiff irreparable damage and harm and, upon information and belief, such acts of infringement will continue, all to the irreparable damage and harm of Plaintiff, unless enjoined by this Court.

**COUNT II**

**(Patent Infringement of U.S. Design Patent No. D545,032)**

21.     Plaintiff repeats and realleges the allegations of paragraphs 1-7 as if fully rewritten.

22.     Plaintiff is the owner of all rights in U.S. Design Patent No. D545,032 (herein "the '032 patent"). The '032 patent issued on June 26, 2007 to Michael Wolf and is entitled "Clog". Plaintiff is the assignee of the '032 patent, as identified on the face of the '032 patent. A true and correct copy of the '032 patent is attached as Exhibit E.

23.     In an e-mail correspondence from counsel for Plaintiff to in-house counsel for Defendant Walgreens dated June 19, 2007, Plaintiff made Defendant Walgreens aware of the impending issuance of the '032 patent and put Defendant Walgreens on notice that the same clog footwear products identified in Plaintiff's April 18, 2007 letter to Defendant Walgreens (Exhibit B) that infringed the '263 patent would also infringe the '032 patent upon its issuance. A true and correct copy of the June 19, 2007 e-mail is attached hereto as Exhibit F.

24.     Upon information and belief, Defendant Touchsport has caused and continues to cause various clog footwear products that infringe the '032 patent to be imported into the United

5

States and Defendant Walgreens sells the infringing clog footwear products in the United States in this judicial district and elsewhere.

25.     Defendant Walgreens and Defendant Touchsport have infringed and continue to infringe the '032 patent in this judicial district and elsewhere by causing to be imported and sold various clog footwear products infringing the '032 patent directly, without license from Plaintiff and in violation of Plaintiff's rights, and will continue to do so unless enjoined by this Court.

26.     On information and belief, Defendants Walgreens and Touchsport have committed acts of infringement of the '032 patent willfully, knowingly and deliberately.

27.     Upon information and belief, Defendant Walgreens has made unlawful gains and profits from the infringement of the '032 patent and Plaintiff, due to Defendant Walgreens' unlawful infringement, has been deprived of rights and profits which would have otherwise come to it.

28.     Defendant Walgreen's acts of infringement of the '032 patent complained of herein have caused Plaintiff irreparable damage and harm and, upon information and belief, such acts of infringement will continue, all to the irreparable damage and harm of Plaintiff, unless enjoined by this Court.

29.     Upon information and belief, Defendant Touchsport has made unlawful gains and profits from the infringement of the '032 patent and Plaintiff, due to Defendant Touchsport's unlawful infringement, has been deprived of rights and profits which would have otherwise come to it.

30.     Defendant Touchsport's acts of infringement of the '032 patent complained of herein have caused Plaintiff irreparable damage and harm and, upon information and belief, such acts of infringement will continue, all to the irreparable damage and harm of Plaintiff, unless enjoined by this Court.

6

## COUNT III

### (Patent Infringement of U.S. Design Patent No. D545,033)

31.    Plaintiff repeats and realleges the allegations of paragraphs 1-7 as if fully rewritten.

32.    Plaintiff is the owner of all rights in U.S. Design Patent No. D545,033 (herein "the '033 patent"). The '033 patent issued on June 26, 2007 to Michael Wolf and is entitled "Clog". Plaintiff is the assignee of the '033 patent, as identified on the face of the '033 patent. A true and correct copy of the '033 patent is attached as Exhibit G.

33.    In an e-mail correspondence from counsel for Plaintiff to in-house counsel for Defendant Walgreens dated June 19, 2007, Plaintiff made Defendant Walgreens aware of the impending issuance of the '033 patent and put Defendant Walgreens on notice that the same clog footwear products identified in Plaintiff's April 18, 2007 letter to Defendant Walgreens (Exhibit B) that infringed the '263 patent would also infringe the '033 patent upon its issuance. A true and correct copy of the June 19, 2007 e-mail is attached hereto as Exhibit E.

34.    Upon information and belief, Defendant Touchsport has caused and continues to cause various clog footwear products that infringe the '033 patent to be imported into the United States and Defendant Walgreens sells the infringing clog footwear products in the United States in this judicial district and elsewhere.

35.    Defendant Walgreens and Defendant Touchsport have infringed and continue to infringe the '033 patent in this judicial district and elsewhere by causing to be imported and sold various clog products infringing the '033 patent directly, without license from Plaintiff and in violation of Plaintiff's rights, and will continue to do so unless enjoined by this Court.

36.    On information and belief, Defendants Walgreens and Touchsport have committed acts of infringement of the '033 patent willfully, knowingly and deliberately.

7

37.     Upon information and belief, Defendant Walgreens has made unlawful gains and profits from the infringement of the '033 patent and Plaintiff, due to Defendant Walgreens' unlawful infringement, has been deprived of rights and profits which would have otherwise come to it.

38.     Defendant Walgreen's acts of infringement of the '033 patent complained of herein have caused Plaintiff irreparable damage and harm and, upon information and belief, such acts of infringement will continue, all to the irreparable damage and harm of Plaintiff, unless enjoined by this Court.

39.     Upon information and belief, Defendant Touchsport has made unlawful gains and profits from the infringement of the '033 patent and Plaintiff, due to Defendant Touchsport's unlawful infringement, has been deprived of rights and profits which would have otherwise come to it.

40.     Defendant Touchsport's acts of infringement of the '033 patent complained of herein have caused Plaintiff irreparable damage and harm and, upon information and belief, such acts of infringement will continue, all to the irreparable damage and harm of Plaintiff, unless enjoined by this Court.

**WHEREFORE,** Plaintiff, International Seaway Trading Corporation, prays for the following relief:

A.     That a preliminary and permanent injunction issue restraining, enjoining, and prohibiting Defendants Walgreens Corporation and Touchsport Footwear USA, Inc. and their respective officers, agents, servants, employees, attorneys and those persons in active concert or participating with them from manufacturing, causing the manufacturing of, selling, causing the selling of, offering for sale, advertising, or distributing, either directly or indirectly, through any

8

agent or distributor, in any manner whatsoever, any product which infringe any of U.S. Design Patent Nos. D529,263, D545,032, or D545,033.

B.     That a preliminary and permanent injunction issue restraining, enjoining and prohibiting Defendants Walgreens Corporation and Touchsport Footwear USA, Inc. and their respective officers, agents, servants, employees, attorneys and those persons in active concert or participating with them from committing acts of contributory infringement and from inducing others to infringe any of U.S. Design Patent Nos. D529,263, D545,032, or D545,033;

C.     That Defendants Walgreens Corporation be ordered to account for all gains, profits and advantages accrued to or received by Defendant by reason of Defendant's acts of infringement including an award of Defendant Walgreens total profit as specified in 35 U.S.C. § 289;

D.     That Defendants Walgreens Corporation and Touchsport Footwear USA, Inc. be ordered to pay the costs of this action, including reasonable attorneys fees, this being an exceptional case under 35 U.S.C. § 285;

E.     That the Court order Defendants Walgreens Corporation and Touchsport Footwear USA, Inc. and their respective officers, agents, servants and employees to deliver up to the Court for destruction all articles infringing upon any of U.S. Patent Nos. D529,263, D545,032, or D545,033; and

F.     That the Court grant such other and further relief as the Court may deem just and proper.

9

## JURY DEMAND

Trial by a jury of the maximum number of jurors allowed by law is hereby demanded.

Dated: *Feb. 14*, 2008.

Respectfully submitted,

SEIDEN, ALDER, MATTHEWMAN & BLOCH, P.A.
Attorneys for Plaintiff
International Seaway Trading Corporation
2300 Glades Road, Suite 340 West
Boca Raton, FL 33431-8534
Telephone:     (561) 416-0170
Facsimile:     (561) 416-0171

By:

Joel B. Rothman
Florida Bar No. 98220
Misha J. Kerr
Florida Bar No.  39652

Of Counsel:

George L. Pinchak (Ohio Reg. No. 0056196)
John A. Yirga (Ohio Reg. No. 0075903)
Tarolli, Sundheim, Covell & Tummino LLP
1300 East Ninth Street
Suite 1700
Cleveland, Ohio 44114
Telephone No. (216) 621-2234
Facsimile No. (216) 621-4072

*International Seaway v. Walgreens, et al.*
*Complaint*

## **VERIFICATION**

STATE OF FLORIDA          )
                          ) SS:
COUNTY OF PALM BEACH      )

Michael Wolf, being duly sworn, deposes and says that he is Vice President of Plaintiff

International Seaway Trading Corporation; and that he has read the foregoing Complaint and

knows the contents thereof and that the same are true of his knowledge, except as to the matters

therein stated to be alleged on information and belief, and as to those matters he believes them to

be true.

Michael Wolf

SWORN TO BEFORE ME and subscribed in my presence this 14th day of February,
2008.

> G. ULRIKA DAUN
> MY COMMISSION # DD 491299
> EXPIRES: December 2, 2009
> Bonded Thru Notary Public Underwriters

Notary Public

11

# EXHIBIT A



US00D529263S

(12) **United States Design Patent**
Wolf

(10) Patent No.: **US D529,263 S**
(45) Date of Patent:  ** Oct. 3, 2006

(54) **CLOG**

(75) Inventor: **Michael Wolf**, Boca Raton, FL (US)

(73) Assignee: **International Seaway Trading Corporation, Inc.**, Boca Raton, FL (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/223,987**

(22) Filed: **Feb. 18, 2005**

(51) LOC (8) Cl. ............................................. 02-04
(52) U.S. Cl. .............................................. D2/923
(58) **Field of Classification Search** ................ D2/923, D2/898, 916–920, 929–933, 947–969; 36/7.5, 36/9 R, 10, 9 A, 11.5, 32 R

See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D280,461 | S | * | 9/1985 | Horn ............................. D2/919 |
| D310,289 | S | * | 9/1990 | Farina .......................... D2/926 |
| D381,794 | S | * | 8/1997 | Gelli ............................ D2/916 |
| D416,667 | S | * | 11/1999 | Lamstein ...................... D2/916 |
| D453,990 | S | * | 3/2002 | Davidowitz et al. ........ D2/969 |
| D473,040 | S | * | 4/2003 | Hawker et al. ............ D2/896 |
| D479,906 | S | * | 9/2003 | Hawker et al. ............ D2/969 |

OTHER PUBLICATIONS

Crocs explosion image of shoe. Crocs Shoes website. Dec. 2002.☐☐http://web.archive.org/web/20021213143656/www.crocs.com/explosion.asp?p=explosion.*
Five pages of photographs of a CROCS™ Beach Model Shoe. The CROCS™ Beach Model Shoe, as shown in the five pages of photographs.
Crocs image of shoe. Advertisment [online]. Western Brands LLC, [retrieved on Jan. 11, 2005]. Retrieved from the Internet <http://shopping.netsuite.com/s.n1/c.294214/sc.2/category.3/it.A/id.468/.fjsessionid=ae112b>.

Crocs image of shoe. Advertisment [online]. Western Brands LLC, [retrieved on Feb. 11, 2005]. Retrieved from the Internet: <URL:http://shopping.netledger.com/app/site.n1?site=294214>

Crocs image of shoe. Advertisment [online]. Western Brands LLC, [retrieved on Feb. 11, 2005]. Retrieved from the Internet: <URL:http://shopping.netsuite.com/s.n1/c.294214/ck.RdfsphCsAM8uPnQW/vid.RdfsphCsCwu>.

Crocs image of Shoe. Advertisment [online]. Western Brands LLC, [retrieved on Feb. 11, 2005]. Retrieved from the Internet: <URL:http://shopping.netledger.com/app/site/site.n1?site=294214>.

* cited by examiner

*Primary Examiner*—Stella Reid
*Assistant Examiner*—Rashida C. McCoy
(74) *Attorney, Agent, or Firm*—Watts Hoffman Co., L.P.A.

(57) **CLAIM**

I claim the ornamental design for a clog, as shown and described.

**DESCRIPTION**

FIG. 1 is a right perspective view of a clog showing my new design;

FIG. 2 is a right side elevation view thereof;

FIG. 3 is a left side elevation view thereof;

FIG. 4 is a front view thereof;

FIG. 5 is a rear elevation view thereof;

FIG. 6 is a top plan view thereof; and,

FIG. 7 is a bottom plan view thereof.

The broken lines shown are for illustrative purposes only and form no part of the claimed design.

**1 Claim, 6 Drawing Sheets**



**U.S. Patent**     Oct. 3, 2006     Sheet 1 of 6     US D529,263 S



**Fig. 1**



Fig. 2

U.S. Patent          Oct. 3, 2006          Sheet 3 of 6          US D529,263 S



Fig. 3

U.S. Patent    Oct. 3, 2006    Sheet 4 of 6    US D529,263 S



**Fig. 4**



**Fig. 5**

**U.S. Patent**     Oct. 3, 2006     Sheet 5 of 6     **US D529,263 S**



**Fig. 6**

**U.S. Patent**     Oct. 3, 2006     Sheet 6 of 6     US D529,263 S



Fig. 7

# EXHIBIT B







04.18.2007



04.18.2007







# EXHIBIT C



TAROLLI, SUNDHEIM, COVELL & TUMMINO L.L.P.
Intellectual Property Law

Thomas L. Tarolli
(1955 - 2006)
Robert F. Sundheim
Calvin G. Covell
Barry L. Tummino
James L. Tarolli
Richard S. Weserick
Richard A. Sutkus
Matthew M. Shaheen
Gary J. Pitter
Christopher P. Harris
John R. Hlavka
Stephen J. Schultz
George L. Pinchak
Robert N. Lipcsik

1300 East Ninth Street, Suite 1700
Cleveland, Ohio 44114
Telephone (216) 621-2234
Facsimile (216) 621-4072
www.tarolli.com

April 18, 2007

Brett A. Schenck
Brian W. Bolinger
John A. Yirga
Kenneth H. Watson
Michael R. Steel
Lisa J. M. Heinig

Patent Agents
Craig W. Hayden
Dan L. Hopper

**VIA FEDERAL EXPRESS**

2816.44

Dana I. Green, Esq.
Senior Vice President & General Counsel
Walgreens Corporation
200 Wilmot Road
Deerfield, IL 60015

> RE:   INTERNATIONAL SEAWAY TRADING CORPORATION
> INFRINGEMENT OF U.S. DESIGN PATENT NO. D529,263 AND
> U.S. DESIGN PATENT APPLICATION SERIAL NOS. 29/254,055 & 29/253,114

Dear Ms. Green:

We represent International Seaway Trading Corporation ("International Seaway") in intellectual property matters. International Seaway is the owner of U.S. Design Patent No. D529,263 ("the '263 Patent"), as well as two allowed U.S. design patent applications, namely, application serial nos. 29/253,114 and 29/254,055 ("the Patent Applications"). Copies of the '263 Patent and Patent Applications are attached hereto as Exhibit A. Notices of Allowance have been received from the U.S. Patent and Trademark Office for both Patent Applications meaning that the Patent Applications will issue as U.S. design patents after payment of appropriate fees. Copies of the Notices of Allowance and corresponding design patent applications are attached as Exhibit B.

International Seaway respects the intellectual property rights of others and assumes that Walgreens similarly respects intellectual property rights. It has recently come to our attention that Walgreens is offering for sale in the United States a clog depicted in a Walgreens advertisement having a printing date of on or about March 25, 2007 ("Walgreens' clogs"). A copy of the advertisement is attached as Exhibit C. Copies of photographs of three infringing pair of clogs recently purchased from Walgreens' stores are also included in Exhibit C. The Walgreens' clogs shown in Exhibit C appear to be substantially identical to the clog design covered by the '263 Patent and the Patent Applications. We believe the Walgreens' clogs infringe the '263 Patent and will infringe the Patent Applications upon their issuance as U.S. design patents.

Dara I. Green, Esq.
Page Two
April 18, 2007

International Seaway hereby demands that Walgreens immediately cease and desist selling, offering for sale, or importing into the United States the aforementioned Walgreens' clogs or any other clog design that infringes the '263 Patent or the Patent Applications. International Seaway also demands an accounting of the number of Walgreens' clogs sold to date, the number of Walgreens' clogs imported into the United States and the number of Walgreens' clogs in inventory in the United States. The Walgreens' clogs indicate that they are made in China. International Seaway also requests the identity of the sourcing/buying agent and manufacturer of the Walgreen's clogs.

International Seaway expends significant resources in designing its products and procuring patent protection for its novel designs, thus, International Seaway cannot remain idle while its patent rights are infringed. While International Seaway wishes to amicably resolve this matter, if we do not hear from you within 10 days from the date of this letter, we will assume that Walgreens intends to litigate this matter.

We await your response.

Very truly yours,

George L. Pinchak

Encs. (Exhibits A-C)

cc: Mike Wolf (with enclosures)

JAY\GLP

**Carrie Patchin - FedEx Shipment 791279900155 Delivered**

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **To:** | <cpatchin@tarolli.com> |
| **Date:** | 4/19/2007 9:47 AM |
| **Subject:** | FedEx Shipment 791279900155 Delivered |

This tracking update has been requested by:

Company Name: TAROLLI, SUNDHEIM, COVELL & TU

Name:  Carrie Patchin

E-mail:  cpatchin@tarolli.com

Our records indicate that the following shipment has been delivered:

Tracking number:            7912799001155
Reference:                  2816.44
Ship (P/U) date:            Apr 19, 2007
Delivery date:              Apr 19, 2007 8:13 AM
Sign for by:                A.HACKLER
Delivered to:               Mailroom
Service type:               FedEx Priority Overnight
Packaging type:             FedEx Envelope
Number of pieces:           1
Weight:                     0.50 lb.

Shipper Information              Recipient Information
Carrie Patchin                   Dana Green
TAROLLI, SUNDHEIM, COVELL & TU   Walgreens
1300 East Ninth Street           200 Wilmot Road
Suite 1700                       Deerfield
CLEVELAND                        IL
OH                               US
US                               60015
44114

Special Handling/Services:
Deliver Weekday

Please do not respond to this message. This email was sent from an unattended
mailbox. This report was generated at approximately 8:22 AM  CDT
on 04/19/2007.

To learn more about FedEx Express, please visit our website at fedex.com.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number  above,
or visit us at fedex.com.

This tracking update has been sent to you by FedEx on the behalf of the
Requestor noted above. FedEx does not validate the authenticity of the
requestor and does not validate, guarantee or warrant the authenticity of  the
request, the requestor's message, or the accuracy of this tracking update.  For
tracking results and fedex.com's terms of use, go to fedex.com.

Thank you for your business.

# EXHIBIT D



CISLO & THOMAS LLP
*Attorneys at Law*

PROCUREMENT AND ENFORCEMENT
OF INTELLECTUAL PROPERTY

4300 Long Beach Blvd.
Suite 405
Long Beach, CA 90807-2011
(562) 595-8422

233 WILSHIRE BOULEVARD
SUITE 900
SANTA MONICA, CA 90401-1211
L.A. (323) 870-1183
(310) 451-0647
FACSIMILE (310) 394-4477
WWW.CISLO.COM

PATENT, TRADEMARK
COPYRIGHT & RELATED MATTERS

2829 Townsgate Road
Suite 310
Westlake Village, CA 91361-3006
(805) 496-1164

## CONFIDENTIAL SETTLEMENT
## DISCUSSIONS PURSUANT TO
Fed. R. Evid. 408; Calif. Evid. Code § 1152

June 19, 2007

> **VIA TELECOPIER ONLY**
> TRANSMISSION FAX NUMBER: (216) 621-4072
> TOTAL PAGES: 2

George Pinchak, Esq.
Tarolli Sundheim Covell & Tummino LLP
1300 East Ninth Street, Suite 1700
Cleveland, Ohio 44114

### Re: Demand Letter to Walgreens, Inc. Alleging Infringement
### of U.S. Design Patent No. D529,263   (Our Ref.: 07-19315)

Dear Mr. Pinchak:

Our firm represents Touchsport Footwear USA, Inc. in its intellectual property matters. Touchsport is the distributor of shoe Model No. 8800W/M being sold at Walgreens Company, and we therefore have received a copy of the demand letter you sent Walgreens on behalf of International Seaway alleging this shoe infringes U.S. Design Patent No. D529,263.

We assure you that Touchsport respects the intellectual property rights of others and goes to great lengths to avoid infringing such rights. It therefore takes the allegation of patent infringement in your letter very seriously. We are currently evaluating your allegation, and we anticipate receiving and analyzing a copy of the Patent Office file wrapper for this patent and any other relevant Patent Office records and documents within two weeks. We would therefore appreciate you affording us this additional time to respond to your allegations in more detail.

In the meantime, our client hereby acknowledges its duty under the law to indemnify Walgreens and hold it harmless. Accordingly, we request that you direct all future communications regarding this matter to our firm.

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

CISLO & THOMAS LLP
*Attorneys at Law*

George Pinchak, Esq.
Tarolli Sundheim Covell & Tummino LLP
June 19, 2007
Page 2

      If you should have any questions or wish to discuss this matter further, do not hesitate to contact us.  Nothing herein shall constitute a waiver of any of our client's rights in law or in equity, all of which are expressly reserved.

                Very truly yours,

                CISLO & THOMAS LLP

                D. M. Cislo

DMC/KWC:ce

cc:  Touchsport Footwear USA, Inc.
     Walgreens Co.

Z:\07-19315\Response to Pinchak re infringe Wolf 265 patent by Walgreens.DOC

# EXHIBIT E



US00D545032S

(12) **United States Design Patent**  (10) Patent No.: **US D545,032 S**

Wolf                                  (45) Date of Patent:  ** Jun. 26, 2007

(54) **CLOG**

(75) Inventor:  **Michael Wolf**, Boca Raton, FL (US)

(73) Assignee:  **International Seaway Trading Corporation, Inc.**, Boca Raton, FL (US)

(**) Term:  **14 Years**

(21) Appl. No.: **29/253,114**

(22) Filed:  **Feb. 1, 2006**

### Related U.S. Application Data

(63) Continuation-in-part of application No. 29/223,987, filed on Feb. 18, 2005, now Pat. No. Des. 529,263.

(51) **LOC (8) Cl.** .............................................. **02-04**
(52) **U.S. Cl.** ................................................... **D2/923**
(58) **Field of Classification Search** ................. D2/923, D2/896, 897, 916–919, 924, 943, 947–969; 12/142 V; 36/3 R, 4, 10, 9 A, 11.5, 113, 36/45

See application file for complete search history.

(56) **References Cited**

#### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,476,600 A | * | 10/1984 | Seidel et al. .............. 12/142 V |
| D280,461 S | | 9/1985 | Horn |
| D310,289 S | | 9/1990 | Farina |
| D381,794 S | | 8/1997 | Gelli |
| D416,667 S | | 11/1999 | Lamstein |
| D418,662 S | * | 1/2000 | Bergmans ..................... D2/926 |
| D448,918 S | * | 10/2001 | Hoyt et al. ................... D2/919 |
| D453,990 S | | 3/2002 | Davidowitz et al. |

(Continued)

#### OTHER PUBLICATIONS

Crocs image of shoe. Advertisement [online]. Western Brands LLC, [retrieved on Feb. 11, 2005]. Retrieved from the Internet: <URL:http://shopping.netsuite.com's n1/c.294214/sc.2/category.3/it.A/id.468/.f;jsessionid=ac112b>.

Crocs image of shoe. Advertisement [online]. Western Brands LLC, [retrieved on Feb. 11, 2005]. Retrieved from the Internet: <URL:http://shopping.netledger.com/app/site/site.nl?site=294214>.

Crocs image of shoe. Advertisement [online]. Western Brands LLC, [retrieved on Feb. 11, 2005]. Retrieved from the Internet: <URL:http://shopping.netsuite.com's n1/c.294214/ck.RdfsphCsAM8uPnQW/vnl.RdfsphCsACwu>.

Crocs image of shoe. Advertisement [online]. Western Brands LLC, [retrieved on Feb. 11, 2005]. Retrieved from the Internet: <URL:http://shopping.netledger.com/app/site/site.nl?site=294214>.

One page showing Crocs explosion image of shoe. Crocs Shoes website. Dec. 2002. http://web.archive.org/web/20021213656/www.crocs.com/explosion.asp?p=explosion.

Four pages printed out from website www.crocs.com on Feb 11, 2005 regarding CROCS TM Brand Beach Model Shoes or Clogs, distributed by Western Brands, Niwot, CO 80503.

Upon information and belief, the CROCS TM beach model shoes, as shown in the four-page printout.

Five pages of photographs of a CROCS TM Beach Model Shoe. The CROCS TM Beach Model Shoe, as shown in the five pages of photographs.

*Primary Examiner*—Stella Reid
*Assistant Examiner*—Rashida C. McCoy
(74) *Attorney, Agent, or Firm*—Tarolli, Sundheim, Covell & Tummino LLP

(57)                    **CLAIM**

The ornamental design for a clog, as shown and described.

### DESCRIPTION

FIG. 1 is a right perspective view of a clog showing my new design;

FIG. 2 is a right side elevation view thereof;

FIG. 3 is a left side elevation view thereof;

FIG. 4 is a front elevation view thereof;

FIG. 5 is a rear elevation view thereof;

FIG. 6 is a top plan view thereof; and,

FIG. 7 is a bottom plan view thereof.

**1 Claim, 6 Drawing Sheets**



U.S. Patent        Jun. 26, 2007       Sheet 1 of 6        US D545,032 S



## Fig. 1

**U.S. Patent**          Jun. 26, 2007          Sheet 2 of 6          US D545,032 S



Fig. 2

**U.S. Patent**      Jun. 26, 2007      Sheet 3 of 6      **US D545,032 S**



**Fig. 3**

**U.S. Patent**　　Jun. 26, 2007　　Sheet 4 of 6　　**US D545,032 S**



# Fig. 4



# Fig. 5



Fig. 6



Fig. 7

# EXHIBIT F

## George Pinchak

From:           George Pinchak [gpinchak@wattshoff.com]
Sent:           Tuesday, June 19, 2007 2:11 PM
To:             francis.kowalik@walgreens.com
Subject:        RE: Infringement of International Seaway U.S. Pat. No. D529,263

Dear Mr. Kowalik - According to your e-mail of June 6th, you stated that you would provide
a "formal response" to me by Friday, June 15th. To date, I have received no such
response. I believe my client has exhibited great patience in refraining from filing a
patent infringement lawsuit against Walgreens in this matter in spite of both clear and
continuing infringement. As you will recall, we wrote to Walgreens charging infringement
over two months ago (April 18, 2007).

If we do not receive a formal written response, which includes a monetary settlement offer
for the infringing clogs sold to date by Walgreens, along with the information requested
in my letter of April 18th, by this Wednesday, June 19th, my client has authorized us to
commence litigation. For your review, the information requested in my April 18th letter
included:

1) An accounting of the number of infringing clogs sold to date by Walgreens in the U.S.;
2) The number of infringing clogs imported into the U.S.;
3) The number of infringing clogs in Walgreens' inventory in the U.S.; and
4) Identification of the sourcing/buying agent and manufacturer of the infringing clogs

We await your written response.

Following up on my letter of April 18th, we have received issue notifications from the
U.S. Patent and Trademark Office regarding the other two U.S. design applications filed by
my client which, I as mentioned in my April 18th letter, will also be infringed by the
Walgreens clogs upon issuance. The patents will issue on June 26, 2007 bearing patent
numbers D545032 and D545033, respectively.

Sincerely,

George Pinchak

Tarolli, Sundheim, Covell & Tummino LLP
Suite 1700
1300 East Ninth Street
Cleveland, OH  44114

Phone:  (216) 621-2234 Ext 145
Fax:    (216) 621-4072

This transmission contains confidential information intended only for the
above-identified recipient(s). The information contained in this transmission
may also be privileged and/or subject to attorney work-product protection
and/or may contain trade secret information protected by law. If you are not
the intended recipient, any use, dissemination, distribution or copying of
this document or its contents is strictly prohibited.


-----Original Message-----
From: George Pinchak [mailto:gpinchak@wattshoff.com]
Sent: Wednesday, June 06, 2007 4:01 PM
To: francis.kowalik@walgreens.com
Subject: RE: Infringement of International Seaway U.S. Pat. No. D529,263

1

Dear Mr. Kowalik - We are still awaiting a written response from you regarding infringement of International Seaway's U.S. Pat. No. D529,263. My client reports seeing increasing amounts of infringing clogs on sale at various Walgreens stores which have been visited. As you are aware, continued sales of infringing clogs constitutes willful infringement, subjecting Walgreens to the increased damages and attorneys fees provisions of 35 USC 284 & 285.

We look forward to your response.

Sincerely,

George Pinchak

Tarolli, Sundheim, Covell & Tummino LLP
Suite 1700
1300 East Ninth Street
Cleveland, OH 44114

Phone: (216) 621-2234 Ext 145
Fax: (216) 621-4072

This transmission contains confidential information intended only for the above-identified recipient(s). The information contained in this transmission may also be privileged and/or subject to attorney work-product protection and/or may contain trade secret information protected by law. If you are not the intended recipient, any use, dissemination, distribution or copying of this document or its contents is strictly prohibited.


-----Original Message-----
From: George Pinchak [mailto:gpinchak@wattshoff.com]
Sent: Wednesday, May 30, 2007 4:52 PM
To: francis.kowalik@walgreens.com
Subject: RE: Infringement of International Seaway U.S. Pat. No. D529,263


Dear Mr. Kowalik - Following up on our phone conversation this afternoon, in examining the infringing clogs I have in my possession, two pairs of clogs have hang tags including the identifier WIC# 583174 and East West Distributing Co., Deerfield, IL.

Two other pairs of clogs do not have a WIC or Item Number indicated, but they do have the following information on the hang tags: Article: 8800W/M SANDALS and "by TOUCHSPORT.COM". The numbers accompanying the bar code on the hang tags are as follows:
8 02668 08800 6.

We trust this information will allow you to identify the supplier(s) and models of the infringing clogs and further allow you to provide us with the information requested in my letter of April 18, 2007 including:

1) An accounting of the number of infringing clogs sold to date by Walgreens in the U.S.;
2) The number of infringing clogs imported into the U.S.;
3) The number of infringing clogs in Walgreens' inventory in the U.S.; and
4) Identification of the sourcing/buying agent and manufacturer of the infringing clogs.

We await your response.

Sincerely,

George Pinchak

2

-----Original Message-----
From: George Pinchak [mailto:gpinchak@wattshoff.com]
Sent: Wednesday, May 30, 2007 4:18 PM
To: francis.kowalik@walgreens.com
Subject: Infringement of International Seaway U.S. Pat. No. D529,263


Dear Mr. Kowalik - This is to follow up on my voice mail messages to you of Thursday, May
24, 2007 and today regarding Walgreens' infringement of U.S. Pat. No. D529,263, assigned
to International Seaway Trading Corporation.  Your letter to me dated April 20, 2007
indicated a response would be forthcoming upon completion of your investigation.

We presume by now you have completed your investigation.  The infringement is clear.    If
we do not hear from you in writing by the end of the week, we will assume Walgreens wishes
to litigate this matter.

Sincerely,

George Pinchak

Tarolli, Sundheim, Covell & Tummino LLP
Suite 1700
1300 East Ninth Street
Cleveland, OH  44114

Phone:  (216) 621-2234 Ext 145
Fax:  (216) 621-4072

This transmission contains confidential information intended only for the
above-identified recipient(s). The information contained in this transmission
may also be privileged and/or subject to attorney work-product protection
and/or may contain trade secret information protected by law. If you are not
the intended recipient, any use, dissemination, distribution or copying of
this document or its contents is strictly prohibited.

3

# EXHIBIT G

US00D545033S

(12) **United States Design Patent**   (10) Patent No.:   **US D545,033 S**
Wolf                                    (45) Date of Patent:   **\*\*   Jun. 26, 2007**

(54) **CLOG**

(75) Inventor:   **Michael Wolf**, Boca Raton, FL (US)

(73) Assignee:   **International Seaway Trading Corporation, Inc.**, Boca Raton, FL (US)

(\*\*) Term:   **14 Years**

(21) Appl. No.: **29/254,055**

(22) Filed:   **Feb. 16, 2006**

**Related U.S. Application Data**

(63) Continuation-in-part of application No. 29/223,987, filed on Feb. 18, 2005, now Pat. No. Des. 529,263.

(51) LOC (8) Cl.   ........................................   **02-04**
(52) U.S. Cl.   ........................................   **D2/926**
(58) Field of Classification Search   ...............   D2/926, D2/896, 897, 916–919, 923, 943, 947–969; 12/142 V; 36/3 R, 4, 10, 9 A, 11.5, 113, 36/45
See application file for complete search history.

(56)   **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,476,600 A | \* | 10/1984 | Seidel et al. ............ 12/142 V |
| D280,461 S | | 9/1985 | Horn |
| D310,289 S | | 9/1990 | Farina |
| D381,794 S | | 8/1997 | Gelli |
| D416,667 S | | 11/1999 | Lamstein |
| D418,662 S | \* | 1/2000 | Bergmans ............... D2/926 |
| D448,918 S | \* | 10/2001 | Hoyt et al. ............... D2/919 |
| D453,990 S | | 3/2002 | Davidowitz et al. |
| D470,995 S | \* | 3/2003 | Bronga ............... D2/897 |
| D470,996 S | \* | 3/2003 | Bronga ............... D2/897 |
| D470,997 S | \* | 3/2003 | Bronga ............... D2/897 |
| D471,344 S | \* | 3/2003 | Bronga ............... D2/897 |
| D473,990 S | | 4/2003 | Hawker et al. |
| D479,034 S | \* | 9/2003 | Trenos ............... D2/926 |
| D479,906 S | | 9/2003 | Hawker et al. |
| D499,234 S | \* | 12/2004 | Dal Magro et al. .......... D2/916 |
| 6,993,858 B2 | | 2/2006 | Seamans |

| | | |
|---|---|---|
| D517,788 S | 3/2006 | Seamans |
| D517,789 S | 3/2006 | Seamans |
| D517,790 S | 3/2006 | Seamans |

OTHER PUBLICATIONS

Crocs image of shoe. Advertisement [online]. Western Brands LLC, [retrieved on Feb. 11, 2005]. Retrieved from the Internet: <URL:http://shopping.netsuite.com/s.nl/c.294214/sc.2/category.3/it.A/id.468/.f;jsessionid=ac112b>.
Crocs image of shoe. Advertisement [online]. Western Brands LLC, [retrieved on Feb. 11, 2005]. Retrieved from the Internet: <URL:http://shopping.netledger.com/app/site/site.nl?site=294214>.
Crocs image of shoe. Advertisement [online]. Western Brands LLC, [retrieved on Feb. 11, 2005]. Retrieved from the Internet: <URL:http://shopping.netsuite.com/s.nl/c.294214/ck.RdfsphCsAM8uPnQW/vid.RdfsphCsACwu>.

(Continued)

*Primary Examiner*—Stella Reid
*Assistant Examiner*—Rashida C. McCoy
(74) *Attorney, Agent, or Firm* —Tarolli, Sundheim, Covell & Tummino LLP

(57)   **CLAIM**

I claim the ornamental design for a clog, as shown and described.

**DESCRIPTION**

FIG. 1 is a right perspective view of a clog showing my new design;

FIG. 2 is a right side elevation view thereof;

FIG. 3 is a left side elevation view thereof;

FIG. 4 is a front elevation view thereof;

FIG. 5 is a rear elevation view thereof;

FIG. 6 is a top plan view thereof; and,

FIG. 7 is a bottom plan view thereof.

The broken lines shown are for illustrative purposes only and form no part of the claimed design.

**1 Claim, 6 Drawing Sheets**



**US D545,033 S**

Page 2

### OTHER PUBLICATIONS

Crocs :mage of shoe. Advertisement [online]. Western Brands LLC, [retrieved on Feb. 11, 2005]. Retrieved from the Internet: <URL http://shopping.netledger.com/app/site/site. nl?site=294214>.

One page showing Crocs explosion image of shoe. Crocs Shoes website. Dec. 2002. http://web.archive.org/web/20021213143656/ www.crocs.com/explosion.asp?/=explosion.

Four pages printed out from website www.crocs.com on Feb. 11, 2005 regarding CROCS TM Brand Beach Model Shoes or Clogs, distributed by Western Brands, Niwot, CO 80503.

Upon Information and belief, the CROCS TM beach model shoes, as shown in the four-page printout, are prior art to the applicant's invention.

Five pages of photographs of a CROCS TM Beach Model Shoe. The CROCS TM Beach Model Shoe, as shown in the five pages of photographs is a prior art to applicant's invention.

* cited by examiner

**U.S. Patent**     Jun. 26, 2007     Sheet 1 of 6     US D545,033 S



**Fig. 1**

Fig. 2



Fig. 3

**U.S. Patent**     Jun. 26, 2007     Sheet 4 of 6     US D545,033 S



**Fig. 4**



**Fig. 5**

**U.S. Patent**        Jun. 26, 2007        Sheet 5 of 6        **US D545,033 S**



Fig. 6



Fig. 7

◆JS 44   (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

International Seaway Trading Corporation

**DEFENDANTS**

Walgreens Corporation and Touchsport Footwear USA, Inc.

**(b)** County of Residence of First Listed Plaintiff   Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Joel B. Rothman, Esquire
Seiden, Alder, Matthewman & Bloch, P.A.
2300 Glades Road, Suite 340W
Boca Raton, Florida 33431
561-416-0170

Attorneys (If Known)

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE   ☐ MONROE   ☐ BROWARD   ☒ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

08CV80163
KLR/AEV

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                     and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☒ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health |  | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations |  | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare |  |  | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - |  |  | Under Equal Access |
|  | Employment |  |  | to Justice |
|  | ☐ 446 Amer. w/Disabilities - | **PRISONER PETITIONS** |  | ☐ 950 Constitutionality of |
|  | Other | ☐ 510 Motions to Vacate |  | State Statutes |
|  | ☐ 440 Other Civil Rights | Sentence |  |  |
|  |  | **Habeas Corpus:** |  |  |
|  |  | ☐ 530 General |  |  |
|  |  | ☐ 535 Death Penalty |  |  |
|  |  | ☐ 540 Mandamus & Other |  |  |
|  |  | ☐ 550 Civil Rights |  |  |
|  |  | ☐ 555 Prison Condition |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed- (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**   (See instructions second page):   a) Re-filed Case ☐ YES ☒ NO   b) Related Cases ☐ YES ☒ NO

JUDGE                                              DOCKET NUMBER

**VII. CAUSE OF ACTION**   Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

35 USC § 271(a) Patent Infringement

**VIII. REQUESTED IN COMPLAINT:**   LENGTH OF TRIAL via   4   days estimated (for both sides to try entire case)   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

DATE   2/14/08

**FOR OFFICE USE ONLY**

AMOUNT   350.⁰⁰   RECEIPT #   IFP

123753